## AMES & PAYNE *v.* AREZELIA G. POTTER, Executrix.

It is no ground for a new trial that the court does not state to the jury the testimony; or if stated, that it is not stated in immediate connection with the rule of law that is supposed to apply to it.

If a party, without an express promise or engagement on his part, avails himself of the professional services of counsel, by advising with and obtaining his directions and assistance in the trial of a cause in the ordinary mode in which clients avail themselves of the services of counsel, and nothing more appears, a promise to pay for such services may be implied.

It is no ground for a new trial, that the counsel for the plaintiffs, in his closing argument to the jury, has, without objection at the time, drawn unfair and unjust inferences from occurrences in the trial, or has indulged in a course of argument or style of rhetoric calculated improperly to inflame, prejudice, or mislead the jury.

The admission of immaterial or irrelevant evidence, which it does not appear probably influenced the verdict, will be no ground for setting it aside, and granting a new trial.

ASSUMPSIT by the plaintiffs, who had been law-partners

against Arezelia G. Potter, widow and executrix of Charles Potter, late deceased, to recover the sum of about $1500, for professional services rendered to her testator in his lifetime.

On the trial of the case, under the general issue, before Mr. Justice Brayton, with a jury, at the September term of the Supreme Court, 1861, for the county of Providence, it appeared, that the services for which the plaintiffs claimed to recover were rendered in a suit brought by one Daniel Randall against the Providence and Worcester Railroad Company, in which the testator had been summoned in as warrantor, and of which, after the summons, he had taken upon himself the defence. The plaintiffs had been employed in the case by the Railroad Company until the testator had assumed the defence. There was evidence submitted on the part of the plaintiffs, that, after assuming the defence of the case, the testator consulted with the plaintiffs, and called upon them from time to time, and had the benefit of their services. The question, as argued by counsel on either side, was, whether the plaintiffs, in the performance of the services charged, were in the employment of the corporation or of the testator; and it was conceded by both sides, that the plaintiffs were entitled to recover of one, or the other.

Orray Taft, a witness called by the plaintiffs, was permitted to testify, against the defendant's objection, that while he was president of the Railroad Company, in conversation with Ames, one of the plaintiffs, the testator not being present, he notified him that the company was not liable for the plaintiff's services.

The plaintiff, Ames, by whom the services were principally performed, was offered as a witness on the part of the plaintiffs, but upon objection by the defendant, was not permitted to testify. The defendant afterwards called the other plaintiff, Payne, and he testified in the cause. In the argument of the cause to the jury, the counsel for the plaintiffs referred to the conduct of the defendant in excluding, by her objection, one of the plaintiffs, whilst she called the other; and commented upon it as evincing a disposition to exclude the testimony of the plaintiff who knew most about the matter in question, and because the testimony excluded would be against her. He also referred to, and eulogized the character of one of the plaintiffs in an inflammatory

manner; and argued, that the nature of the defence in this case was such, that a verdict against him would be a reflection upon his character for integrity and fair dealing, and a condemnation of his conduct, as most dishonorable. `None of these remarks of counsel were objected to, at the time.

The court instructed the jury, that in order to charge the defendant, the services must have been rendered for, and at the request of, the testator, and not for the corporation; though it would not be necessary to prove an express request to the plaintiffs, and that such request might be implied from circumstances; but if the jury believed, from the evidence, that the services were rendered for the corporation, and the plaintiffs were, at the time, in their employment, the defendant was not liable.

The jury was further charged, though not in immediate connection with the preceding, that if the testator called upon the plaintiffs for their advice and direction in the prosecution of the defence, consulted with them, and availed himself of their services in prosecuting it, and nothing more appeared in the case, a request might be implied, sufficient to charge him for the services rendered; and this would not be rebutted by the fact, that the testator supposed the plaintiffs to be acting for other persons, if, in fact, they were not so acting.

Under these rulings and instructions, the jury having returned a verdict for the plaintiffs for their account, with interest from demand, and amounting to $1908.81, the defendant now filed a motion for a new trial, grounded upon errors in law in the same.

*William H. Potter*, for the motion.

*B. N. Lapham*, against it.

BULLOCK, J.* This was an action of assumpsit, to recover for professional services, alleged to have been rendered to the defendant's testator, by the plaintiffs.

It was admitted, that the plaintiffs rendered services similar to those set forth in their declaration; but the defendant claimed, that these services were not rendered at the request of her testator.

* The Chief Justice being a party, did not sit in this cause.

Several causes are assigned for setting aside the verdict. It is said, that the judge who presided at the trial of the cause, in charging the jury that the defendant might be held liable upon an implied, as well as upon the express promise of her testator, erred, in omitting to charge them in the same connection, that the defendant's testator, when summoned in, as warrantor of the railroad company, in the suit in which the plaintiffs' services were rendered, retained other counsel, and that the corporation continued to have an interest in that suit; which testimony, it is said by the defendant, should have been stated for the purpose of rebutting any presumption that the plaintiffs were in the testator's employment. It does not appear, from anything before us upon this motion, that after the defendant's testator was summoned in, the corporation were under any legal obligation to defend that action. If such evidence was adduced, it was for the jury to consider it, and to determine how far it proved the fact, and how far the fact, in connection with the other circumstances in the case, did rebut any presumption, arising from other testimony, that the plaintiffs were employed by the defendant's testator. It is no ground for a new trial, that the court does not state to the jury the testimony; and if stated, that it is not stated in immediate connection with the rule of law that is supposed to apply to it.

We see no error in the instruction of the court, that if the defendant's testator (without an express promise or engagement on his part) availed himself of the plaintiffs' professional services in the ordinary mode in which clients avail themselves of the services of counsel, and nothing more appeared, a promise might be implied. If other testimony was offered, it was for the jury to determine how far such other testimony, in connection with all the facts in the case, negatived the implied promise.

Whether the verdict was against the evidence, or the weight of the evidence, we do not consider, since the testimony is not brought upon the record.

It appears, from the statement of the case as allowed by the judge who presided at the trial, that one of the plaintiffs, and by whom the services in question had been principally performed, was offered as a witness to sustain the issue on their part, but,

upon objection by the defendant, he was not permitted to testify; and that the other plaintiff was called as a witness on the part of the defendant, and did testify. It also appears, that these facts were alluded to by the plaintiffs' counsel in his closing argument. We see in this no ground for a new trial. The defendant had the right to exclude either plaintiff from testifying; but she objected to one of them, and introduced the other herself. It is to be presumed, that she exercised her right in the manner most advantageous to herself. As a fact in the case, she cannot complain of it; neither, that it was commented upon by the plaintiffs' counsel in his argument. If the defendant, without objection at the time, permitted the plaintiffs' counsel to draw inferences from this, or from any other fact in the case, which she or her counsel deemed to be unjust or unfair inferences; or, if without objection at the time, she, or her counsel, permitted the plaintiffs' counsel to indulge in a style of rhetoric or a course of argument calculated, in her opinion or in the opinion of her counsel, to improperly inflame, or prejudice, or mislead the jury, it is too late, after verdict, to except and assign it as cause for a new trial.

Another reason assigned is, that Taft, a witness for the plaintiffs, was, against the defendant's objection, allowed to state, that he had a conversation with the plaintiff Ames, and that he told the plaintiff Ames that the railroad company were not liable for the plaintiffs' services. Every admission of improper testimony does not entitle the adverse party to a new trial, as of course. The incompetent testimony admitted may be wholly irrelevant, or so collateral as not to be pertinent to the issue, or it may be immaterial. If it appears that the testimony objected to was material, in the sense that it probably influenced the verdict, the verdict should be set aside. But the record should show this; otherwise, the presumption after verdict is, that the verdict is founded upon competent proof. The time the conversation took place, nowhere appears. Assuming the declaration of the witness as made after the services had been rendered, and it would seem to be quite immaterial; as then the declaration could neither discharge the railroad company or charge the defendant's testator,—the liability against one of them having already accrued. But if the declaration was made or the notice given before the

services were rendered, or during the time they were being rendered, the fact itself would not be incompetent to meet and negative, so far as it went, testimony from the defendant to the effect, that the plaintiffs were employed by the railroad company.

Motion for a new trial overruled, and judgment rendered upon the verdict.